UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK W. DOBRONSKI,<br><br>　　　Plaintiff,<br><br>v.<br><br>TRAINING FORCE USA, LLC, et al.,<br><br>　　　Defendants. | Case No. 24-cv-10083<br><br>Honorable Robert J. White |

**OPINION AND ORDER DENYING DEFENDANT TINA PICHARD'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

I.　Introduction

　　Mark Dobronski commenced this action against Training Force USA, LLC, and its two members, Claude Arthur Pichard, III and Tina Lynette Pichard, for violating the Telephone Consumer Protection Act of 1991. The complaint also alleges violations of the Michigan Facsimile Machines Act.

　　Before the Court is Tina Pichard's motion to dismiss the complaint for lack of personal jurisdiction. (ECF No. 20). Dobronski responded in opposition. (ECF No. 23). Tina filed a reply. (ECF No. 24). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion

is denied without prejudice to renewing a jurisdictional challenge after discovery closes.

II.    Background

Claude Pichard and his wife, Tina, are Florida residents. (ECF No. 20-2, PageID.203, ¶ 1).  They manage Training Force USA, LLC, a Florida limited liability company. (*Id.*, PageID.204, ¶ 2, 8; ECF No. 1, PageID.2, ¶ 3).  Claude is the company's president and he oversees its "day-to-day" operations. (ECF No. 20-2, PageID.204, ¶ 2).  Training Force coordinates law enforcement training courses nationwide. (*Id.*, ¶ 3).  The company "markets its training courses by, among other things, sending one-page flyers regarding training courses via fax to its customers and target clientele." (*Id.*, ¶ 4).

Mark Dobronski resides in both Florida and Michigan, but he claims Florida as his domicile. (ECF No. 1, PageID.1-2, ¶ 2).  Dobronski alleges that Training Force sent at least 15 unsolicited fax advertisements to his Michigan-based fax machine over the course of nine months (from April 2023 through January 2024). (*Id.*, PageID.3, 6, ¶¶ 8, 15-16).  He also asserts that Claude and Tina "orchestrated, directed, [and] personally authorized" the unsolicited fax transmissions. (*Id.*, PageID.2, ¶¶ 4-5).

Dobronski claims that the unsolicited fax transmissions violated the Telephone Consumer Protection Act of 1991 and the Michigan Facsimile Machines

2

Act. (*Id.*, PageID.10-11, ¶¶ 34-41).  He filed this lawsuit against Training Force, Claude, and Tina seeking statutory damages under both provisions. (*Id.*, PageID.11-12).  Tina now moves to dismiss the complaint for lack of personal jurisdiction. (ECF No. 20). *See* Fed. R. Civ. P. 12(b)(2).

III.  Legal Standards

Federal district courts may exercise their own discretion as to how they address Rule 12(b)(2) motions for lack of personal jurisdiction. *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020); *see also Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).  "If it decides that the motion can be ruled on before trial, the court may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Malone*, 965 F.3d at 505 (quotation omitted).

In the event the court conducts an evidentiary hearing and the defendant's motion is supported with admissible evidence, the plaintiff must overcome the defendant's showing with a preponderance of the evidence demonstrating the court has personal jurisdiction. *See id.*; *see also Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998).  If the district court elects to decide the motion "on written submissions alone," the plaintiff's burden "consists of a prima facie showing that personal jurisdiction exists." *Malone*, 965 F.3d at 505 (cleaned up); *see also*

3

*Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012). That is all the plaintiff must do to withstand a jurisdictional challenge. *See Malone*, 965 F.3d at 505 ("Here, the [district] court chose to resolve the motion on the written submissions" so the plaintiffs "needed only to make a prima facie showing, which, as we have already explained, they did through their complaint."); *see also MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017) ("To defeat dismissal in this context, plaintiffs need make only a prima facie showing that personal jurisdiction exists.").

Since the Court will decide the current motion on "written submissions alone," Dobronski's prima facie showing may be established through the complaint's reasonably particular allegations of "sufficient contacts between" Tina "and the forum state" to satisfy both Michigan's long-arm statute and the Fourteenth Amendment's Due Process Clause. *Malone*, 965 F.3d at 504; *see also MAG IAS*, 854 F.3d at 899. In this procedural setting, the Court construes the pleadings and any affidavits in Dobronski's favor without weighing Tina's "controverting assertions . . . seeking dismissal." *MAG IAS*, 854 F.3d at 899 (quotation omitted).

IV. Analysis

    A. *Overview of the Substantive Requirements for Personal Jurisdiction*

Courts sitting in Michigan – including federal district courts – can exercise personal jurisdiction over a defendant so long as (1) the defendant's conduct falls within a provision of Michigan's long-arm statute, and (2) the exercise of personal

4

jurisdiction comports with the Due Process Clause. *See Sullivan v. LG Chem., Ltd.*, 79 F.4th 651, 664-66 (6th Cir. 2023); *see also Green v. Wilson*, 455 Mich. 342, 347 (1997). "Both prongs of this analysis must be satisfied for a Michigan court to properly exercise limited personal jurisdiction over a nonresident." *City of Fraser v. Almeda Univ.*, 314 Mich. App. 79, 87 (2016) (quotation omitted).

Exercising personal jurisdiction in Michigan may take either a general or limited form. Mich. Comp. Laws §§ 600.701, 600.705. General personal jurisdiction may be invoked when the defendant is present or domiciled in the state at the time process is served, or where the defendant consents to jurisdiction in Michigan. Mich. Comp. Laws § 600.701. General personal jurisdiction "exists independently from the facts of the action." *SFS Check, LLC v. First Bank of Del.*, 990 F. Supp. 2d 762, 770 (E.D. Mich. 2013). Since Tina is not subject to general personal jurisdiction in Michigan, the Court must examine whether she falls within its limited personal jurisdiction.

Limited personal jurisdiction may be exercised over an individual in select circumstances. Mich. Comp. Laws § 600.705. The most relevant grounds are where the person (1) transacts any business within the state, or (2) does or causes an act to be done, or consequences to occur, in the state resulting in an action for tort. *Id.* at § 600.705(1)-(2). Section 600.705(1) is satisfied where the defendant conducts "even the slightest act of business in Michigan." *Citizens Bank v. Parnes*, 376 F. App'x

5

496, 501 (6th Cir. 2010) (quotation omitted); *see also Theunissen v. Matthews*, 935 F.2d 1454, 1464 (6th Cir. 1991). The statute "is intended to be liberally construed in favor of recognizing limited personal jurisdiction especially where an ordinary commercial transaction is involved, absent violation of due process of law." *Citizens Bank*, 376 F. App'x at 501 (quotation omitted).

Turning to the federal constitutional prong, "[t]he Fourteenth Amendment's Due Process Clause limits a state court's power to exercise jurisdiction over a defendant." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 358 (2021). Nonresident defendants are subject to personal jurisdiction when they possess "certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (cleaned up); *see also International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Federal courts employ "a three-part test to determine whether the exercise of personal jurisdiction . . . comports with constitutional due process." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016). The elements of the inquiry are as follows:

> (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state, (2) the cause of action must arise from the defendant's activities there, and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough

connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007).

"Jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 698 (6th Cir. 2000); *see also SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 356 (6th Cir. 2014). But "the mere fact that the actions connecting defendants to the state were undertaken in an official rather than personal capacity does not preclude the exercise of personal jurisdiction over those defendants." *Balance Dynamics*, 204 F.3d at 698.

  B. *Dobronski's Prima Facie Showing of Limited Personal Jurisdiction*

The complaint's jurisdictional allegations against Tina consist of the following averments:

> 5. Upon information and belief, Defendant TINA LYNETTE PICHARD a/k/a TINA LYNETTE VERNON ("Tina") . . . holds herself out as an owner and manager of co-defendants TFU, and orchestrated, directed, personally authorized, and participated in the tortious or illegal conduct complained of herein.
>
>  . . .
>
> 7. As to Defendants Claude and Tina, limited personal jurisdiction exists, pursuant to M.C.L. § 600.705, by virtue of defendants transacting business in Michigan; and/or by defendants doing or causing tortious acts to be done with consequences to occur in Michigan.

7

8. . . . the unsolicited facsimile advertisements were directed to a facsimile machine with a Michigan telephone area code, the facsimile machine was located in Michigan, and the unsolicited facsimile advertisements were received in Michigan.

. . .

15. On the following dates and times, Plaintiff received unsolicited fax advertisements from Defendants on Plaintiff's facsimile machine, telephone number 734-***-2323:

| Date | Time | Sending Telephone Number |
|---|---|---|
| 04/11/2023 | 7:36 A.M. | (231) 282-9089 |
| 04/11/2023 | 7:48 A.M. | (231) 282-9089 |
| 04/25/2023 | 7:26 A.M. | (231) 282-9089 |
| 04/25/2023 | 7:36 A.M. | (231) 282-9089 |
| 05/03/2023 | 7:23 A.M. | (231) 282-9089 |
| 05/03/2023 | 7:28 A.M. | (231) 282-9089 |
| 05/03/2023 | 7:35 A.M. | (231) 282-9089 |
| 05/09/2023 | 7:30 A.M. | (231) 282-9089 |
| 05/09/2023 | 7:36 A.M. | (231) 282-9089 |
| 05/09/2023 | 7:42 A.M. | (231) 282-9089 |
| 05/16/2023 | 7:18 A.M. | (231) 282-9089 |
| 05/23/2023 | 7:21 A.M. | (231) 282-9089 |
| 05/23/2023 | 7:35 A.M. | (231) 282-9089 |
| 12/19/2023 | 7:17 A.M. | (231) 282-9089 |
| 01/04/2024 | 7:12 A.M. | (231) 282-9089 |

16. Plaintiff has received additional unsolicited fax advertisements from Defendants, but did not log them. Accordingly, it is anticipated that discovery will reveal the transmission of additional faxes by the same Defendants.

. . .

21. Defendants TFU, Claude, and Tina are responsible for sending or causing the sending of the faxes.

> . . .
>
> 30. Here, the individual defendants, Claude and Tina, personally directed, participated in, and authorized the unsolicited advertisements.

(ECF No. 1, PageID.2-3,6-7, 9, ¶¶ 5, 7-8, 15-16, 21, 30).

These allegations are sufficient to constitute a prima facie showing of limited personal jurisdiction over Tina. *See Vandenberg & Sons Furniture, Inc. v. Katchen*, No. 12-1021, 2013 U.S. Dist. LEXIS 18459, at *6-12 (W.D. Mich. Feb. 12, 2013) (allegation that individual defendant sent at least one "unsolicited fax into Michigan" was enough to establish limited personal jurisdiction under Michigan's long-arm statute and the Due Process Clause); *see also Dobronski v. United Final Expense Servs.*, No. 357057, 2022 Mich. App. LEXIS 2188, at *9, 11-13 (Mich. Ct. App. Apr. 21, 2022) (holding that Dobronski's allegations that the defendants' "agents called him and, by doing so, transacted business in Michigan" were sufficient to establish limited personal jurisdiction under Michigan's long-arm statute and the Due Process Clause); *cf. Neal v. Janssen*, 270 F.3d 328, 333 (6th Cir. 2001) ("we hold that when a foreign defendant purposefully directs communications into the forum that cause injury within the forum, and those communications form the 'heart' of the cause of action, personal jurisdiction may be present over that defendant without defendant's presence in the state.").

9

Tina did submit her own affidavit (and one from Claude) disclaiming any role in sending the unsolicited faxes to Dobronski's fax machine in Michigan. (ECF No. 20-3, PageID.208, ¶¶ 1-2, 5-8; *see also* ECF No. 20-2). But the Court's decision to resolve this motion exclusively through written submissions renders her affidavit "irrelevant." *Malone*, 965 F.3d at 505. That's because the plaintiff's prima facie burden does not change with the submission of an affidavit from the party challenging jurisdiction. *Id.* at 506. To withstand the current motion, Dobronski needed only to assert reasonably particular allegations in the complaint to establish personal jurisdiction over Tina. *Id.* at 504; *see also MAG IAS*, 854 F.3d at 899. He met this burden.

Still, Dobronski's jurisdictional footing remains unsettled. Tina may "continue to contest personal jurisdiction" through a motion for summary judgment or an evidentiary hearing after discovery is completed, where the evidence suggests "a material variance from the facts" asserted in the complaint. *MAG IAS*, 854 F.3d at 899 (quotation omitted); *see also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 893 (6th Cir. 2002). She may even "proceed to trial without waiving the defense." *Serras*, 875 F.2d at 1214. So today's decision is hardly the final word on this question. Accordingly,

IT IS ORDERED that Tina Pichard's motion to dismiss the complaint for lack of personal jurisdiction (ECF No. 20) is denied without prejudice to renewing a jurisdictional challenge after discovery closes.

Dated: May 16, 2025                     s/ Robert J. White
                                        Robert J. White
                                        United States District Judge

11